# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1091V
UNPUBLISHED

| | |
|---|---|
| ANTONIO JACKSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 24, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ryan Truesdale*, Growth Law Firm, S.C., Wauwatosa, WI, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

### **RULING ON ENTITLEMENT**[1]

On March 22, 2021, Antonio Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left-sided shoulder injury related to vaccine administration (SIRVA) resulting from the tetanus diphtheria acellular pertussis (Tdap) vaccination he received on March 7, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, he experienced symptoms in excess of six months, and he has not received any compensation in the form of an award or settlement for his vaccine-related injuries, nor has he filed a civil action prior to filing his petition. Petition at 1, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 7, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation, or dysfunction of his left shoulder that would explain his symptoms after vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 4-5. Respondent further agrees that "[P]etitioner timely filed his claim . . . that he received the flu vaccine in the United States . . . and that he satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration . . . ." *Id.* at 5 (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master