# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1091V
UNPUBLISHED

| | |
|---|---|
| ANTONIO JACKSON,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ryan Truesdale*, Groth Law Firm, S.C., Wauwatosa, WI, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 22, 2021, Antonio Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA) after receiving a tetanus diphtheria acellular pertussis (Tdap) vaccine on March 7, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, he experienced symptoms in excess of six months, and he has not received any compensation in the form of an award or settlement for his vaccine-related injuries, nor has he filed a civil action prior to filing his petition. Petition at 1, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 24, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 23, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,500.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANTONIO JACKSON,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 21-1091V<br>Chief Special Master Corcoran<br>ECF |

### PROFFER ON AWARD OF COMPENSATION

On December 7, 2022, Respondent filed Rule 4(c) report conceding that petitioner is entitled to compensation in this case. ECF No. 20. On January 24, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 22.

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $52,500.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $52,500.00, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: February 23, 2023